**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 21 2021

FOR THE NINTH CIRCUIT

PETER KAGEL,

              Plaintiff-Appellant,

  v.

JAY LAURENCE RAFTERY; et al.,

              Defendants-Appellees.

No. 20-17351

D.C. No. 3:20-cv-05809-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Peter Kagel appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Kagel's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "de facto appeal" of a prior state court decision and Kagel raised claims that were "inextricably intertwined" with that state court decision. *See id.* at 1163-65 (discussing the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims, as well as requests for damages, are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kagel's requests that this court overturn the district court's decision under Federal Rule of Civil Procedure 60(b), and remand the case to the Superior Court of San Francisco, set forth in the opening brief, are denied.

**AFFIRMED.**